### JIM BRASHEAR v. THE STATE.

#### No. 8757. Delivered May 13, 1925.

#### Rehearing denied Oct. 7, 1925.

**Manufacturing Intoxicating Liquor—Companion Case.**

This is a companion case to the case of Stevens v. State, No. 8766, this day delivered. The same questions being here presented, on the authority of the Stevens case, this cause is affirmed.

Appeal from the District Court of Milam County. Tried below before the Hon. John Watson, Judge.

Appeal from a conviction of manufacturing intoxicating liquor, penalty one year in the state penitentiary.

*Chambers, Wallace & Gillis,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Milam County for the offense of unlawfully manufacturing intoxicating liquor and his punishment assessed at confinement in the penitentiary for one year.

By bill of exception No. Two, appellant complains of the court's action in permitting witness Little to testify that after Stevens went into the house a little girl left there, came out of the house and ran, and that they followed her about two hundred and fifty yards or further and that she went into another house and that the other house

belonged to Wesley Stevens and Jim Brashear. The court approved this bill with the statement that the Bob Stevens referred to was the father of Wesley Stevens with whom the defendant resided and further that immediately after the little girl ran into the house where defendant lived, the defendant ran out of the back of the house and went toward the barn and came away with a metal coil or worm and started down toward the field, and that witness Little. followed and arrested him. Under the court's statement this testimony was clearly admissible.

Bill No. Three complains of the action of the court in permitting witness Little to testify that after Wesley Stevens came out of the barn appellant jumped on witness' back and took his gun from him and leveled it at the witness' head and told the witness that "we are going to kill you." The objection to this testimony being that the appellant was under arrest at the time the transaction happened. The court qualifies this bill by saying that the appellant had been under arrest, but the evidence shows they disarmed witness and required him to leave the premises alone, and the conversation mentioned occurred on the premises of defendant on the same occasion when witness was disarmed and forced to leave without defendant. Under this statement of the court, the defendant cannot claim that he was under arrest. When a party refuses to submit to arrest and disarms the officer and forces him to leave the premises and refuses to go with him, he cannot be heard to say that under these conditions he is under arrest or any other form of restraint.

By bill No. Four, appellant complains of the court's action in permitting the witness Rogers to testify that he, in connection with Deputy Kennedy and witness Little, had gone to the residence of Bob Stevens and had afterwards gone over to the defendant's premises and that they had started in a kind of East direction, and in a patch down in the field, and that they started up that opening, and decided not to go up that way, it was too open. The court qualifies this bill by stating that he sustained the objection to that part of the testimony which sought to have the witness say why he went a certain way or why he circled around. As explained this bill of exception shows no error.

Bill No. Five, complains that the court's action in permitting the witness Kennedy to testify that Rogers went into the barn and came out with fruit jars of whiskey, identifying the fruit jars on the table as being the same jars, was error. The court explains this bill by saying that the matters complained of showed the search of defendant's premises, and what was found there at the time of the arrest and this testimony merely proved the physical facts as they existed at the time. Appellant accepted this bill of exception with qualification

and is therefore bound by it, and as qualified by the court, the bill shows no error.

Bill No. Six complains of the court's action in permitting the witness Harris to testify that liquor could be manufactured with the instruments exhibited to said witness. The court qualifies this bill by the statement that the witness was introduced as an expert and that the evidence was offered under a charge in the indictment concerning the unlawful manufacture of intoxicating liquor. This testimony was admissible.

We have carefully considered appellant's special charges and find no error in the court's action in refusing to give them.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

BERRY, JUDGE.—This case was affirmed at a former term of this court and is now before us on appellant's motion for rehearing.

The same question presented in this case has been this day decided by this court in cause 8766, Wesley Stevens v. State, and on the authority of that case we hold that the court did not err in refusing to sustain appellant's motion to quash the panel of talesmen summoned to try the case.

There is no material difference between the facts developed on the motion to quash in the Stevens case and those found in the record in this case, and under authority of the Stevens case appellant's motion for rehearing herein is in all things overruled.

*Overruled.*